UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTENA PIATT,

    Plaintiff,

vs.                        CASE NO.:

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.

_____ /

## COMPLAINT

COMES NOW the Plaintiff, CHRISTENA PIATT, ("Piatt"), by and through the undersigned attorney, and sues the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3. This Court has venue pursuant to 29 U.S.C. §1132(e). In particular, in ERISA actions, venue is proper where the performance of the Plan terms was to take place. Benefits here were to be paid at Piatt's home address in Lake Mary, Florida. See Exhibit "A" attached hereto.

4. Piatt is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

5. Piatt was an employee of Orlando Health ("OH" or "Employer") and as such she was insured through a group disability policy issued to OH by LINA.

6. The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing long term disability benefits.

7. The "Plan" is a welfare benefit plan established under ERISA to provide long term disability benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

8. A copy of what purports to be a document describing benefits payable under the Plan is attached hereto as Exhibit "B".

9. LINA is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Plan.

10. By letter dated November 19, 2020, LINA terminated Piatt's claiming finding that she was not disabled pursuant to the terms of the Plan. That letter advised that she had the right to file an administrative appeal.

11. Piatt appealed the decision, through counsel, via letter dated December 17, 2020.

12. After appeal, LINA upheld its decision terminating benefits via letter dated May 24, 2021. That letter advised Piatt that she had exhausted all administrative remedies. There was an addendum to the May 24, 2021 letter by LINA dated June 9, 2021. This letter also indicated that Piatt had exhausted her administrative remedies.

13. Piatt provided additional information to LINA following the June 9, 2021 letter. This information was considered. LINA issued a letter dated August 24, 2021 advising that its previous decision would not be overturned and referring Piatt back to the June 9, 2021 letter.

14. Upon information and belief, the Plan provides for two levels of administrative appeal. The first level is mandatory, the second level is voluntary. To date, Piatt has only been given the opportunity to file one appeal. Via letter dated October 22, 2021, Piatt questioned whether she could file a second appeal. A copy of this letter is attached hereto as Exhibit "C."

15. Via letter dated October 22, 2021, LINA advised that no additional appeals would be accepted. A copy of this letter is attached hereto as Exhibit "D." Immediately thereafter, Piatt sent another letter dated October 28, 2021 again attempting to file a second administrative appeal. A copy of this letter is attached hereto as Exhibit "E." LINA again advised that no additional appeals were

3

available via letter dated October 28, 2021. A copy of this letter is attached hereto as Exhibit "F."

16. With respect to the claims made herein, Piatt has exhausted her administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
### (Action to Enforce Rights Under the Terms of the Plan and/or to Clarify Rights 29 U.S.C. §1132(a)(1)(B))

Piatt incorporates the allegations contained in paragraphs 1 through 16 above, and further states:

17. 29 C.F.R. §2560.503-1(c)(2) provides that Plans may offer two levels of administrative appeal.

18. Upon information and belief, the instant Plan offers two levels of administrative appeal.

19. LINA has failed to offer Piatt the opportunity to file a second administrative appeal and has refused to consider additional information.

20. Piatt is desirous of filing a second administrative appeal to provide additional information for consideration by LINA with respect to her claim.

21. LINA's failure to offer Piatt the opportunity to file a second appeal is a violation of ERISA and the Plan.

22. Moreover, LINA has breached its obligation pursuant to ERISA to advise Piatt of her rights to file a second appeal.  In particular, LINA has violated 29 C.F.R. §2560.503-1(c)(3)(i) and (iv) in that with respect to her opportunity to file a voluntary appeal, LINA has:

> 1) failed to agree that the SOL or other defenses based on timeliness is tolled during the time the voluntary appeal is pending;
>
> 2) failed to provide Piatt sufficient information relating to the voluntary level of appeal to enable her to make an informed judgment about whether to submit a benefit dispute to the voluntary level of appeal;
>
> 3) failed to provide Piatt with a statement that her decision as to whether or not to submit her benefit dispute to the voluntary level of appeal will have no effect on her rights to any other benefits under the plan and information about the applicable rules;
>
> 4) failed to advise Piatt as to her right to representation;
>
> 5) failed to advise Piatt as to the process for selecting the decisionmaker, and the circumstances, if any, that may affect the impartiality of the decisionmaker, such as any financial or personal interests in the result or any past or present relationship with any party to the review process;

23. Piatt requests this Court enforce her rights under the Plan and/or clarify her rights under the Plan regarding the voluntary second administrative appeal.

24.     Because of the failure to offer Piatt a voluntary second administrative appeal, Piatt has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee.  Piatt is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Piatt, prays for relief from defendant, LINA allowing her to file a voluntary second administrative appeal plus attorney's fees and costs and any other such further relief as the Court deems proper.

## COUNT II
### (Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))

Piatt incorporates the allegations contained in paragraphs 1 through 24 above, and further states:

25.     The Plan provided for the payment of long term disability benefits in the event Piatt became disabled as defined in the Plan.  The Plan also provided for the continuation of other benefits in the event of disability.  The other benefits are described with particularity in the applicable plan documents for those plans.

26.     Piatt was and is disabled as defined by the Plan at all times material hereto.

27.     Piatt made a claim for Plan benefits.  Said claim for benefits was terminated or denied.

28.     Piatt is entitled to Plan benefits.

29. LINA has failed and refused to pay Piatt sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

30. Because of the failure to pay benefits pursuant to the terms of the Plan, Piatt has been forced to retain the undersigned attorneys and is obligated to pay them a reasonable attorney's fee.  Piatt is entitled to recover attorney's fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Piatt, prays for relief from defendant, LINA for the payment of disability benefits, reinstatement to all other benefits, including the waiver of premiums as if benefits had never been terminated or denied, plus attorney's fees and costs and any other such further relief as the Court deems proper.

Date:  December 9, 2021

                /s/Gregory D. Swartwood
              Gregory D. Swartwood, Esquire
              Florida Bar No. 858625
              The Nation Law Firm, LLP
              570 Crown Oak Centre Drive
              Longwood, FL  32750
              Telephone:  (407) 339-1104
              Facsimile:  (407) 339-1118
              E-Mail:  gswartwood@nationlaw.com
              Attorneys for Plaintiff